| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Cynthia J. Iles, §
§
      Plaintiff, §
§
versus §  Civil Action H-H-09-2861
§
Michael J. Astrue, §
§
      Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Cynthia Iles is not disabled under the Social Security Act. It does.

Iles brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits under 42 U.S.C. § 405(g). Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to whether the record has substantial evidence to support the commissioner's decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the commissioner's findings are conclusive and the decision must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence need not be greater than a preponderance to be demonstrated. *Id.* at 400–01; *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.* In determining whether there is substantial evidence, this court may not independently try issues afresh or substitute its judgment for that of the commissioner. *Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *Statutory Criteria.*

A disability is the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment that will result in death or has lasted for a continuous period of twelve months. 42 U.S.C.A. § 423(d)(1)(A). The Social Security Administration has a five-step evaluation process for determining whether an individual is disabled. 20 C.F.R. §404.1520(a)(1).

Step one, a claimant is not disabled if he is involved in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(I).

Step two, a claimant is not disabled unless a medically determinable impairment is severe enough to significantly limit the claimant's physical or mental abilities to do basic work activities and lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii).

Step three, a claimant is not disabled if he does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii).

Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past work, then he is not disabled. 20 C.F.R. §404.1520(a)(4)(iv).

Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Claim History.*

Cynthia Iles is a 54-year-old woman with two years of college. She had worked as a cafeteria cashier and a sales representative. She says she is disabled by a combination of depression, anxiety, panic attacks, bipolar disorder, severe headaches, a loss of sensation on her left side, complications from surgery on a broken elbow, and back problems.

These conditions allegedly cause her to lose consciousness or faint, have difficulty relating to others and dealing with everyday stresses, and lose sleep.

5.  *Disability.*

The hearing officer properly found that Iles was not disabled. He correctly followed the five-step evaluation.

A.  *Step One.*

Iles has not worked since April 23, 2002.

B.  *Step Two.*

The hearing officer found Iles has severe headaches, a mood disorder, and back problems.

C.  *Step Three.*

The hearing officer determined her impairments were not severe enough to meet those listed in appendix 1. MRIs on her back showed moderate degeneration, but she has no record of more than a few treatments for back pain several years ago. Additionally, her back pain has not impaired her reflexes or motor function. Testing to determine the origin of her headaches showed normal results. She failed to change her poor eating habits and regularly take her medication to control her headaches. Headaches and undocumented fainting spells alone are not severe impairments under the appendix. Iles has mental impairments, but she may control them by medication and have only mild to moderate restrictions in her everyday living and social functioning.

Iles's statements about the intensity, persistence, and limiting effects of her symptoms are not credible. She may have had a stroke in June of 2006 that could explain the loss of sensation, but imaging tests were normal, and she had full motor strength in her extremities. Her physician said she had fully recovered from the loss of sensation within a few months. Cardiac examinations to discover the source of chest pain showed normal results. Her physicians have no record of complications after her elbow surgery. Her symptoms can be controlled through treatment, and this must be evaluated when determining the severity of an impairment.

D.  *Step Four.*

Iles can still perform light work – she must be able to sit or stand when she needs to, limit the use of her left arm and hand, and be able to work in a low-stress, flexible environment – and is able to return to her past work as a cashier or sales representative. These jobs are considered light, unskilled or semi-skilled labor.

   E.   *Step Five.*

A vocational expert testified that Iles has skills useful in other jobs. With little adjustment, she could transfer to a job such as a timekeeper, personnel scheduler, or payroll clerk.

6.   *Mental State.*

Iles's biggest problem comes from her mental impairments. It does not matter whether she has depression or is bipolar for the sake of this argument. She says she has had these conditions for a long time, though she did not seek treatment until after she filed her disability application. She has seen a few doctors; none has told her that she cannot work. Although she says she does not socialize and just sits and stares sometimes, she admits to taking in a needy family, cooking, cleaning, and going to church.

Additionally, before Iles can be considered disabled, she must follow treatment prescribed by a physician to see if itrestores her ability to work. 20 C.F.R. § 404.1530(a). There is evidence showing that Iles has failed to take her medication many times and has refused inpatient care. When Iles is taking her medication, her physicians have recorded improvements in her condition. The hearing officer must take into account reasons why Iles said she could not take her medication. 20 C.F.R. § 404.1530(c). This point of this inquiry is to see if something such as a religious objection or adverse side effects would justify refusing treatment. Forgetting to take medication, extreme responses to normal stress, or not wanting inpatient treatment is not reasonable. As Iles's ability to work can be restored with treatment, her mental impairments are not disabling.

7.   *Conclusion.*

The decision of the commissioner denying Cynthia Iles's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on June 25, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge